**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30035
Summary Calendar
_____

CAROL BELLOW,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93 CV 2223)
_____

August 16, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Carol Bellow appeals the district court's grant of summary judgment in favor of Shirley S. Chater, Commissioner of Social Security. Bellow's appeal arises from the denial of her application for Supplemental Security Income (SSI) benefits. We affirm.

BACKGROUND

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Bellow is 46 years old, has a ninth grade education, and has no prior work experience. According to the Administrative Law Judge (ALJ), Bellows suffers from a severe dysthymic disorder that does not amount to an affective disorder as listed in 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04 (1994). The ALJ found that Bellow had nonexertional limitations of (1) understanding, remembering, and carrying out complex or detailed job instructions and (2) functioning independently. On the psychiatric review form attached to his opinion, the ALJ noted that Bellow had three symptoms characteristic of depressive syndrome: sleep disturbance, decreased energy, and difficulty concentrating or thinking. The three symptoms cause Bellows to have moderate restrictions on daily living activities and moderate difficulties in maintaining social functioning.

Because Bellow suffered from nonexertional limitations only, the ALJ required the testimony of a vocational expert. See 20 C.F.R. § 416.969a(c). At a supplemental hearing, the ALJ asked several hypothetical questions concerning a person of Bellow's age, education, and employment experience, to Jeff Peterson, a vocational expert. First, the ALJ asked Peterson to assume nonexertional limitations that would preclude jobs requiring understanding, remembering, or executing involved job instructions, or requiring one to function independently. Peterson listed a number of nonaffected jobs including counter clerk, kitchen help, cashier, and laundry service worker. Peterson stated that approximately 7500 such jobs existed within Calcasieu, Cameron, and

2

Jeff Davis Parishes. Second, the ALJ asked Peterson what jobs would exist if the person's residual functional capacity was further reduced by a moderate reduction in the ability to maintain attention or concentration. Peterson responded that the additional limitation would eliminate the counter clerk jobs, but not the others. Third, the ALJ asked Peterson the result if attention and concentration were severely impaired. Peterson thought that a severe impairment in attention and concentration would create difficulty in all the occupations listed. At this point, Bellow's attorney examined Peterson.

## DISCUSSION

We will uphold a decision to deny SSI benefits if the administrative decision is supported by substantial evidence in the record and applies the proper legal standards in evaluating the evidence. Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994). Substantial evidence is less than a preponderance but more than a scintilla. Id.

When an ALJ uses vocational expert testimony to support his findings, record evidence must adequately support assumptions made by the expert. Id. at 436. An ALJ's hypothetical question is defective unless (1) it incorporates reasonably all disabilities of the claimant recognized by the ALJ, and (2) the claimant or her representative is afforded the opportunity to correct deficiencies in the hypothetical. Id.[2] Bellow acknowledges that she had an

---

[2] Our unpublished decision in Monroe v. Shalala, No. 94-41236 (May 5, 1995), is not to the contrary. The ALJ did not recognize the claimant's pain and swelling so the ALJ's failure to include this

opportunity to correct deficiencies in the ALJ's hypotheticals, but she argues that the questions did not incorporate reasonably all her disabilities recognized by the ALJ.

Although the first hypothetical incorporated exactly the findings made by the ALJ, Bellow focuses on the characteristics of depressive syndrome and their effect on Bellow as noted by the ALJ on the psychiatric review form. The second hypothetical assumed a moderate reduction in the ability to maintain attention and concentration, which is only one of the three characteristics listed on the psychiatric review form. Nevertheless, the other two characteristics, sleep disturbance and decreased energy, would not affect Bellow separately in the workplace; rather, they would result in a reduction in concentration and attention. Therefore, the ALJ's second hypothetical incorporated reasonably the disabilities recognized by the ALJ.[3]

Bellow also complains about Peterson's testimony concerning available jobs in three local parishes. She contends that such jobs must exist in the national economy. Nevertheless, work exists in the national economy when work exists in the immediate area in which the claimant lives. 20 C.F.R. § 416.966(a)(1). Peterson's testimony concerning the jobs available in the three local parishes

---

symptom in his hypothetical question was not reversible error. Id., slip op. at 14.

[3] Bellow's difficulties in daily living and social functioning are results of her symptoms; her difficulties are not separate disabilities.

4

is sufficient to show that Bellow could find work in the national economy.

Because the vocational expert's testimony is proper and provides substantial evidence in support of the ALJ's decision, we conclude that the district court properly granted summary judgment to the Commissioner of Social Security.

AFFIRMED.